IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BILLIE C. WYATT,                    )
                                    )
            Plaintiff,              )
                                    )
                                    )        CIV-05-80-W
v.                                  )
                                    )
JO ANNE B. BARNHART,                )
  Commissioner of Social Security   )
   Administration,                  )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g) of the final decision of

Defendant Commissioner denying her application for disability insurance benefits under Title

II of the Social Security Act, 42 U.S.C. §416(i), 423.  Defendant has answered the Complaint

and filed the administrative record (hereinafter TR___).  The matter has been referred to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§636(b)(1)(B).   For the following reasons, it is recommended that the Commissioner's

decision be affirmed.

I. Background

Plaintiff filed an application for benefits on June 17, 2002 (protective filing date June

4, 2002), in which she alleged she became disabled on March 31, 2000, due to depression,

arthritis in her hands, back pain, irritable bowel syndrome, stomach pain, neck pain, mitral

valve prolapse, asthma, and insomnia. (TR 62-64, 83).[1]  Plaintiff described past relevant work as an apartment manager,  truck driver, courier, "bobtail" driver, dump truck driver, punch press operator, assembly line loader, cake decorator, and fast food  worker. (TR 84, 92).  Plaintiff's application was administratively denied. (TR 36, 37).  At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Lacy ("ALJ Lacy") on June 10, 2003, at which Plaintiff and a vocational expert ("VE") testified. (TR 251-275).  At this hearing, ALJ Lacy advised Plaintiff that the administrative decision entered on May 6, 2002, with respect to her previous application for benefits was *res judicata* and therefore the relevant period for adjudication began May 7, 2002. (TR 253).

On September 12, 2003, Administrative Law Judge Parrish ("ALJ") entered a decision in which the ALJ found that Plaintiff has severe impairments due to "mitral regurgitation, status post endoscopic-assisted discectomy with Endius and laser assist, mild degenerative disc disease of the lumbar spine, and depression..." (TR 29).[2]  Despite these severe impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the exertional demands of light work diminished by her decreased ability to concentrate. (TR 30).  Specifically, the ALJ found that Plaintiff "is unable to maintain extremely close attention to detail or exercise independent judgment [but] she is able to

_____

[1]Plaintiff filed a previous application for benefits that was administratively denied on May 6, 2002.  (TR 78).

[2] The ALJ noted in his decision that ALJ Lacy was unable to render a decision due to his death and that ALJ Parrish had reassigned the case to himself and determined a supplemental hearing was unnecessary based on the record. (TR 24).

perform more than simple tasks." (TR 30).  Based on the testimony of the VE concerning the physical and mental demands of Plaintiff's past relevant work, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act because she has the RFC to perform her previous jobs as a medical laboratory courier, line loader, fast food worker, and apartment manager. (TR 30).  The agency's Appeals Council denied Plaintiff's request for review of the decision (TR 4-7), and Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's decision.

II. Claims and Responses

Plaintiff contends that the ALJ erred in determining her RFC for work by failing to consider all of her impairments, improperly disregarded the records of her treating physician, Dr. Fanning, erred in evaluating the credibility of her allegations of disabling pain, erred by interjecting his own opinion regarding Plaintiff's impairments, and erred by failing to hold a supplemental hearing with regard to the issue of her credibility.  Defendant Commissioner responds that no error occurred with respect to the ALJ's evaluation of the evidence and there is substantial evidence to support the ALJ's determinations regarding RFC and credibility as well as the decision that Plaintiff is not disabled.

III. Credibility

Plaintiff contends that the ALJ erred in failing to hold a supplemental hearing after ALJ Lacy, who presided over her administrative hearing, died before rendering a decision with regard to her application.  The only authority cited by Plaintiff for this contention is a decision by the Tenth Circuit Court of Appeals in a federal civil action.  In this decision, the

appellate court acknowledged a general rule interpreting an earlier version of Fed. R. Civ. P. 63 with regard to successor judges in federal lawsuits. <u>Medicare Glaser Corp. v. Guardian Photo, Inc.</u>, 936 F.2d 1016, 1019 (10th Cir. 1991)(citing <u>Emerson Elec. Co. v. General Elec. Co.</u>, 846 F.2d 1324, 1326 (10th Cir. 1988)). The previous version of Rule 63 had been interpreted to require the holding of a new trial where the disabled judge had not rendered findings and conclusions prior to the substitution of a new judge. Under the current version of Fed. R. Civ. P. 63, a successor judge may preside over a trial or hearing that has already begun so long as the successor judge certifies his or her familiarity with the record and determines there is no prejudice to the parties. In cases in which a non-jury hearing or trial has begun, the rule provides that a successor judge must, upon require of a party, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden and also provides that the successor judge may, but is not required to, recall any other witness. Fed. R. Civ. P. 63. The judicial interpretation of former Rule 63 relied on by Plaintiff is no longer viable as the procedural rule has been amended. Moreover, the appellate court decision cited by Plaintiff has no application to the administrative procedures employed in rendering the decision being appealed herein. Defendant points out that under the agency's procedural guidelines, commonly referred to as the "HALLEX," an additional hearing is not mandated where a successor ALJ renders a decision following a hearing presided over by another ALJ. Defendant's Brief, at 7. Defendant has not provided the Court with the text of this procedural regulation. Nevertheless, Plaintiff does not rely on the provisions of the HALLEX to support her proposition that a supplemental hearing was

4

required.  In this case, Plaintiff made no request for a supplemental hearing prior to the entry of the ALJ's decision.  The ALJ obviously considered the need for a supplemental hearing and stated in the decision his discretionary determination that no supplemental hearing was necessary based on his review of the administrative record.  Plaintiff's assertion that the ALJ "violates [sic] the law" by failing to hold a supplemental hearing is frivolous, and Plaintiff has not shown that the ALJ abused his discretion with respect to this administrative decision.[3]

Plaintiff next contends that the ALJ erred in evaluating the credibility of her complaints of disabling back pain and non-exertional impairments. Plaintiff contends that the ALJ disregarded certain evidence and "draws a conclusion regarding claimant's credibility but fails to provide any reviewable analysis for his determination." Plaintiff's Brief, at 12. To find that a claimant's pain is disabling, the "pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Brown v. Bowen, 801 F.2d 361, 362-363 (10th Cir. 1986)(internal quotation omitted). "Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence." Ellison v. Secretary of Health & Human Servs., 929 F.2d 534, 537 (10th Cir. 1990).

In assessing the credibility of a subjective allegation of disabling pain or other non-exertional limitation, the ALJ must consider such factors as

---

[3]In his findings the ALJ did refer to "the claimant's demeanor at hearing" as one of the factors impacting his credibility determination. (TR 29-30).  However, within the ALJ's evaluation of the evidence the ALJ did not rely on Plaintiff's demeanor at the hearing to support his credibility findings.  Thus, this reference to "demeanor" is surplusage.

the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the province of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); see Luna v. Bowen, 834 F.2d 161, 165-166 (10th Cir. 1987).

Contrary to Plaintiff's allegations, the ALJ's decision reflects that the Hargis factors were appropriately considered, and the ALJ provided specific reasons with specific references to the record in support of the credibility finding. The ALJ did not disregard Plaintiff's allegations of pain and non-exertional limitations but rather found that her subjective statements of disabling pain and non-exertional limitations were not consistent with the objective medical evidence in the record. (See TR 27-28). With respect to Plaintiff's allegations of disabling back pain, the ALJ found that "[t]he objective findings in the record do not corroborate her statement of little to no improvement" following her 2002 back surgery to repair a herniated disc. (TR 27). The ALJ pointed to the office records of Plaintiff's treating orthopedic surgeon reflecting that she was walking over a mile a day within a month of the surgery with only mild lower extremity pain, that her surgeon advised her to keep walking, and that she failed to return to her surgeon despite her general physician's suggestion that she do so when she continued to complain of back pain in the months following her back surgery. Also, the ALJ referred to the objective finding by Plaintiff's treating family physician, Dr. Fanning, of only moderate back tenderness. (TR

27).   The ALJ further pointed to specific objective evidence in the record to support his credibility determination with respect to Plaintiff's allegations of other disabling non-exertional limitations, including chronic diarrhea and gastrointestinal problems, asthma, wrist pain, right foot pain, depression, and side effects of her medications.   Finally, the ALJ pointed to Plaintiff's own statements concerning her daily activities and the report of a consultative examiner regarding his objective observations of Plaintiff during the consultative examination. (TR 28).   The reasons stated by the ALJ for finding Plaintiff's allegations of disabling pain and other non-exertional limitations were not credible are well supported by the record.   Accordingly, no error occurred in this regard, and the ALJ's credibility determination will not be disturbed.

IV. <u>RFC Assessment</u>

        Plaintiff contends that the ALJ's RFC assessment failed to include all of her physical limitations.  The ALJ determined at the fourth step of the requisite evaluation procedure that Plaintiff was not disabled as she retains the ability to perform some of her previous jobs. As part of this determination, the ALJ was required to assess the Plaintiff's RFC, which "represents the capacity of the claimant to perform work, despite mental or physical impairments." <u>Andrade v. Secretary of Health & Human Servs.</u>, 985 F.2d 1045, 1048 (1993).

        Plaintiff first refers to a psychiatric review technique form ("PRT form") completed by a consulting medical reviewer for the agency.    In this PRT form, the reviewer, Dr. Varghese, assessed Plaintiff as having a non-severe affective disorder. (TR 230).   With respect to the degree of functional limitations resulting from this non-severe mental

impairment, Dr. Varghese noted her assessment that the impairment had resulted in moderate difficulties in Plaintiff's ability to maintain social functioning. (TR 240).  Pursuant to Social Security Ruling 96-6p, "[f]indings of fact made by State agency medical and psychological consultants ... regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180.  However, the ruling clearly states that ALJs are not bound by the opinions of non-examining medical professionals, and such opinions "can be given weight only insofar as they are supported by evidence in the case record...." Id.  The ALJ was not required to accept the assessment by the non-examining medical reviewer or to include the assessment in his RFC finding unless there was evidence in the record to support it.  Plaintiff points to no medical evidence in the record to show her ability to maintain social functioning is limited by a mental impairment.

There is evidence in the record that Plaintiff complained to her treating family doctor, Dr. Fanning, that she was depressed following the death of her sister, and Dr. Fanning prescribed anti-depressant medication. (TR 167, 266).  Dr. Fanning's office notes reflect that Plaintiff appeared less depressed at a subsequent office visit.  (TR 165).  Although Plaintiff testified she had received counseling, there is no evidence in the record of mental health treatment. The ALJ recognized this lack of objective evidence of a severe mental impairment. (TR 28).  Moreover, although Plaintiff testified that she does not engage in social activities such as visiting friends or attending church (TR 267), this testimony is contradicted by other statements by Plaintiff at her hearing, and the ALJ recognized this inconsistency as well. (TR

28).  The ALJ did not err in failing to find that Plaintiff's RFC for work is limited by a mental impairment affecting her ability to maintain social functioning.

The ALJ did not, as Plaintiff suggests, completely disregard her allegations of pain, depression, and other non-exertional limitations.  Rather, the ALJ found that Plaintiff's pain resulting from her back impairment and her depression limit her physical and her mental capacity for work.  The ALJ found that Plaintiff's RFC for work was limited to work at the light exertional level and that she has a decreased ability to concentrate such that she is unable to maintain extremely close attention to detail or exercise independent judgment. (TR 28).

Plaintiff takes issue with the ALJ's rejection of her allegation that her "ongoing difficulties with reflux, irritable bowel syndrome and GERD" affect her ability to work.[4] Plaintiff's Brief, at 8.  The ALJ specifically addressed these conditions in his decision.  The ALJ noted that Plaintiff complained of chronic diarrhea and gastrointestinal problems at the hearing but that she was not receiving medical treatment for these complaints and she had reported the condition to be stable on medication. (TR 27).  The record supports these findings.  The record shows that Dr. Fanning noted in November 1999 that Plaintiff's GERD was better on medication and that Dr. Fanning noted in December 2000 Plaintiff's report that the medication prescribed for her GERD was helpful. (TR 187, 178).  By June 2001, Dr.

---

[4]Plaintiff has apparently misinterpreted the medical record by referring to "GERD," which is a shortened term for gastrointestinal reflux disease, and "reflux" as separate impairments in her brief.

Fanning noted only that Plaintiff had a history of GERD and irritable bowel syndrome and Plaintiff did not complain of any symptoms related to these conditions. (TR 172-173).  In December 2001, Plaintiff reported to Dr. Fanning that her stomach problems were "doing well." (TR 164).  In a consultative examination conducted in August 2002 Plaintiff reported that she was experiencing chest pain mostly due to GERD lasting twelve hours to one week at a time for which she was taking only aspirin, and she indicated that this condition occurred irregularly and that she sometimes was pain-free for six month periods. (TR 210-213).  There is substantial evidence in the record to support the ALJ's finding that Plaintiff's GERD, irritable bowel syndrome, and other gastrointestinal symptoms responded well to medication and do not significantly impact her ability to work.

Plaintiff asserts that the ALJ failed to consider Dr. Fanning's records, but this argument is frivolous as the ALJ's decision reflects specific consideration of these records. Indeed, the ALJ stated that Dr. Fanning's records, as well as other specific medical evidence in the record, provide the best evidence of the extent of Plaintiff's impairments. (TR 26). There is nothing in the record to support Plaintiff's implication that Dr. Fanning opined Plaintiff was unable to work or that her ability to work was limited by pain or any impairment.  Again, it is important to point out that the ALJ did not completely reject Plaintiff's allegation that she has continuing back pain.  The ALJ did, however, find that the extent to which Plaintiff alleged pain restricts her ability to work was only partially credible. No error occurred with respect to the ALJ's evaluation of Dr. Fanning's treatment records. Plaintiff's further arguments that the ALJ improperly interjected his own medical opinion

or that the medical evidence reflects limitations greater than those reflected in the ALJ's RFC finding (see Plaintiff's Brief, at 9) are not supported by specific references to the record and for that reason are conclusory and without merit.

Plaintiff suggests that her subjective testimony of ongoing pain and limitations resulting from her back impairment is consistent with "reports submitted by treating physicians." Plaintiff's Brief, at 8.  However, Plaintiff again fails to support this argument with specific references to the record. Plaintiff suggests that the ALJ should have found her subjective testimony to be fully credible merely because no physician ever noted she was exaggerating her symptoms.  However, the ALJ found that the objective medical evidence in the record and Plaintiff's own testimony concerning her activities were not consistent with her allegations of disabling back pain and limitations.   There is substantial evidence in the record to support the ALJ's RFC assessment.

The ALJ found that Plaintiff's RFC for work does not preclude her from performing her previous jobs as a medical laboratory courier, an apartment manager as that job is performed in the national economy, a line loader, or a fast food worker. (TR 28).  The VE's testimony provides support for this finding, and there is substantial evidence in the record to support the determination that Plaintiff is not disabled within the meaning of the Social Security Act because she is capable of performing past relevant work.

<u>RECOMMENDATION</u>

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for disability

insurance benefits.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before ____October 31st____, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this _____11th_____ day of _____October_____, 2005.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE